*Hartford,*
August, 1850.

Evans
*v.*
Bidwell.

## EVANS *against* BIDWELL.

Where the plaintiff, in an action of trespass *qu. cl. fr.*, claimed title to the *locus in quo*, by adverse possession, and in support of his claim, introduced evidence of his acts of dominion over the *locus in quo*, which was part of a highway, and especially of his cutting wood thereon for his fires ; and the defendant, for the purpose of showing the character of the possession claimed by the plaintiff, and that the acts done by him did not constitute an adverse possession, offered a witness to prove, that at the times when the plaintiff so cut wood on the *locus in quo*, it was, and long had been, customary for any person who chose, although not owning the fee of the highway or of the adjacent land, to cut wood for his fires from said highway : but no evidence was offered or claim made, that any such acts were done on the *locus in quo ;* it was held, that such evidence offered by the defendant, was not relevant to the issue, and was therefore inadmissible.

THIS was an action of trespass *quare clausum fregit*, the *locus in quo* being part of a highway in *Manchester ;* tried, on the general issue, at *Hartford, January* term 1850.

The plaintiff claimed to have proved, that the premises described in the declaration, were part of an old original highway, thirty rods wide, running *North* and *South ;* the travelled road being on the *Eastern* side of such highway, of the width of one rod, and the remainder of such highway, upon the *West* of the travelled road, being impassable.

The plaintiff claimed title thereto, by adverse possession, under an ancient distribution ; in support of which, however, there was no written evidence. In support of his claim of adverse possession, the plaintiff offered evidence of his acts of dominion over and use of the property, and especially of his cutting wood thereon for his fires, as owner, from time to time, for more than fifteen years previous to the trespasses complained of. The premises were never enclosed, except by the front fences.

The defendant claimed to have proved, that the legal title to the premises was in himself, by virtue of a regular succession of deeds, conveying the premises, and coming down from the plaintiff's grand-father in 1788, who then, it was claimed, owned the premises ; and that he, the defendant, and those under whom he claimed, had always held the peaceable and uninterrupted possession of the premises under their respective deeds. For the purpose of showing the character of the adverse possession claimed by the plaintiff, and that the acts

*Hartford,*
*August, 1850.*

Evans
*v.*
Bidwell.

claimed to have been done by him upon the premises, did not constitute an adverse possession thereof, the defendant offered *Samuel T. Talcott,* as a witness, to prove, that at the various times when the plaintiff so cut the wood on the premises, it was, and long had been, customary in the town of *Manchester,* and that there was, and long had been, there, a usage for any person who chose, although not owning the fee of the highway, or of the adjacent land, to cut and take wood for their fires from said highway. But no evidence was offered to prove, or claim made, that any such acts were done upon the premises.

The plaintiff objected to such evidence as irrelevant, and mere proof of trespasses upon other proprietors. The court thereupon rejected such evidence.

The defendant moved for a new trial, claiming that the court, in thus ruling, mistook the law.

*T. C. Perkins* and *R. D. Hubbard,* in support of the motion, contended, That the evidence in question was legally admissible. First, to denote the *quo animo,* with which the acts were done. *Commonwealth* v. *Doane,* 1 *Cush.* 10. Secondly, to show, that the acts were not done under an adverse claim, but by permission. *O'Linda* v. *Lathrop,* 21 *Pick.* 292. 297. *Willoughby* v. *Middlesex Co.,* 8 *Metc.* 296. *Read* v. *Leeds,* 19 *Conn. R.* 182. 189.

*Toucey* and *Chapman,* contra, insisted, That the evidence offered by the defendant, was properly rejected. They cited and commented on *Read* v. *Leeds,* 19 *Conn. R.* 182. *Waters* v. *Lilley,* 4 *Pick.* 145. *Lufkin* v. *Haskell,* 3 *Pick.* 355. 358. 7 *N. Hamp. R.* 233.

BY THE COURT. The evidence excluded by the Judge was not relevant to the issue; and was therefore properly rejected.

New trial not to be granted.